[No. 13376. Department One. — June 30, 1891.]

## THE FIRST BAPTIST CHURCH OF SAN JOSÉ, RESPONDENT, *v.* B. F. BRANHAM ET AL., APPELLANTS.

CORPORATION DE FACTO — ACTION — POWER OF TRUSTEES. — The trustees of a corporation *de facto* may sue in its corporate name, until its existence is called in question by a direct proceeding upon information of the attorney-general.

ID. — QUIETING TITLE — INJUNCTION — PROPERTY HELD BY TRUSTEES. — Where the trustees of a corporation hold property in trust for its uses, their ownership and possession is the ownership and possession of the corporation, and the corporation has a sufficient interest in the property to bring an action in its corporate name to quiet title thereto, and to restrain by injunction a threatened interference with the possession.

APPEAL from an order of the Superior Court of Santa Clara County denying a new trial.

The facts are stated in the opinion of the court.

*Laine & Hatch,* for Appellants.

*Lamar & Castle,* for Respondent.

The plaintiff must be treated as a *de facto* corporation, and its trustees can maintain suits in its corporate name, until its existence is called in question by a direct proceeding upon information of the attorney-general. (*People* v. *Flint,* 64 Cal. 49; *People* v. *La Rue,* 67 Cal. 526–

530; 4 Am. & Eng. Ency. of Law, 198, and cases there cited.)

Garoutte, J. — The plaintiff, claiming to be the owner and in the possession of certain church property consisting of real estate, the church building situate thereon, and personal property used therein and belonging thereto, brought this action to restrain the defendants from interfering with said property, and to quiet its title thereto against said defendants, other than the said Branham, sheriff of Santa Clara County.

The defendants deny that the plaintiff is a corporation, and also deny that the plaintiff is seised and possessed of the property.

Judgment in the trial court went for the plaintiff; and this is an appeal from an order denying defendants' motion for a new trial.

The motion of respondent to dismiss the appeal is denied.

Appellant relies upon two propositions to sustain his position: 1. That the plaintiff has no legal existence as a corporation; 2. That it is not seised and possessed of the property involved in this litigation.

As far as the present proceeding is concerned, it is immaterial whether the plaintiff is a corporation *de jure*, or not. It is at least a corporation *de facto*, and as such its trustees can maintain suits in its corporate name, until its existence is called in question by a direct proceeding upon information of the attorney-general of the state.

In *People* v. *La Rue*, 67 Cal. 530, the court says: "A corporation *de facto* may legally do and perform every act and thing which the same entity could do or perform were it a *de jure* corporation. As to all the world except the paramount authority under which it acts and from which it receives its charter, it occupies the same position as though in all respects valid; and even as against

the state, except in direct proceedings to arrest its usurpation of power, it is submitted its acts are to be treated as efficacious." (*Bakersfield etc. Ass'n* v. *Chester,* 55 Cal. 99; Am. & Eng. Ency. of Law, 197; Taylor on Private Corporations, secs. 145–153.)

It seems the plaintiff, under sanction of the court, has mortgaged this property for four thousand dollars, which debt is still due and unpaid; unquestionably the plaintiff could be sued in its corporate name to foreclose this mortgage, and it is equally clear that it can maintain this suit in its corporate name to protect the property secured by the mortgage.

As to the second proposition contended for by appellant, that the plaintiff was not and is not seised and possessed of the property in dispute, the trial court found that "plaintiff, ever since its incorporation, had been seised and possessed of said property, and that said property is under the management and control of a board of five trustees, and is used for the purposes of said corporation; that the defendants do not constitute the 'First Baptist Church of San José,' but are members thereof."

Upon September 1, 1858, Marshall D. Young, by deed of grant, bargain, and sale, conveyed this realty to Bird, Gish, Easly, and Pierce, their heirs and assigns. At this time these last-named parties were the trustees of the First Baptist Church of San José.

In January, 1866, the plaintiff was incorporated, elected five trustees, and upon each succeeding January elected their successors.

In September, 1869, Bird, Gish, and Easly, not as trustees, but as individuals, quitclaimed all their interest in the property to the trustees of plaintiff, naming them, and their successors in office; shortly afterward Pierce quitclaimed in the same manner.

By the deed from Young the title to this property vested in these four parties, their heirs and assigns, not as trustees of plaintiff, but personally and individually,

and their quitclaim deeds clearly divested them of all title they held.

It was not necessary that their deed should be the joint act of all; they were not trustees of the church at this time, neither was the property deeded to them in the capacity of trustees in the first instance.

Counsel for appellants say that "if the deeds conveying this property had run to the trustees of the church, without naming them, it is probable that the church, as a corporation, would have been the party to sue. It is highly improbable that the present trustees of the plaintiff were the grantees in the aforesaid quitclaim deeds, and appellants' concession works against him upon this contention.

While the dry, naked, legal title to the property may not be in plaintiff, yet its trustees hold it in trust for the uses of plaintiff, and their ownership and possession is the ownership and possession of the plaintiff.

We cannot understand how it is material to the interests of defendants in the action whether the plaintiff or its trustees is technically seised of the legal title to this realty; the plaintiff certainly has sufficient interest to bring this action.

Let the order be affirmed.

BEATTY, C. J., and HARRISON, J., concurred.