[No. 14725.   Department Two. — August 12, 1892.]

# RECLAMATION DISTRICT No. 124, RESPONDENT, *v.* R. A. GRAY, APPELLANT.

RECLAMATION DISTRICT — ACTION TO RECOVER ASSESSMENT — VALIDITY OF DE FACTO ORGANIZATION — ACTS OF OFFICERS LEVYING ASSESSMENT. — In an action to recover an assessment levied upon land by a *de facto* reclamation district, the defendant cannot collaterally question the validity of the organization of the district, or of the acts of the board of trustees and commissioners in using data in the nature of evidence furnished by surveys, estimates, and reports considered by them as to the assessment of lands in the district, not invalidating their acts, otherwise legal, in levying the assessment sued upon.

ID. — LEGISLATIVE VALIDATION OF DISTRICT — PROOF OF CORPORATE EXISTENCE — VALIDITY OF ASSESSMENT. — An act of the legislature purporting to legalize and validate a reclamation district is conclusive proof, in an action to recover an assessment upon lands in the district, of the existence of the corporation from the time of the passage of the act, and an assessment levied thereafter in accordance with the statute having reference to the organization of the district is valid and enforceable.

ID. — PUBLIC CORPORATION — CREATION BY SPECIAL ACT OR LEGISLATIVE RECOGNITION. — A reclamation district is a public corporation, which can be created not only by the means and in the manner provided by the general law, but also by special act or implication. Legislative recognition is in many cases sufficient proof of its existence.

APPEAL from a judgment of the Superior Court of Colusa County.

The facts are stated in the opinion.

*H. M. Albery,* for Appellant.

As the board of supervisors had no jurisdiction to approve the petition for the organization of the district, the district is not a corporation, *de facto* or otherwise, and cannot, therefore, levy assessments and collect taxes for corporation purposes. (*People* v. *Haggin,* 57 Cal.

585; *District No. 110* v. *Feck,* 60 Cal. 405; *Reclamation Dist. No. 3* v. *Goldman,* 65 Cal. 642; *Williams* v. *Sacramento Co.,* 58 Cal. 238.) As the board of supervisors had no jurisdiction, it never formed any district, and therefore the act of 1874 was of no avail as a curative statute. (Cooley's Const. Lim., 2d ed., 371, 383; *Tifft* v. *City of Buffalo,* 82 N. Y. 211; 1 Dillon on Municipal Corporations, 4th ed., sec. 77; *Maxwell* v. *Goetschius,* 40 N. J. L. 383; 29 Am. Rep. 242; *Kimball* v. *Town of Rosendale,* 42 Wis. 407; 24 Am. Rep. 423; *Richard* v. *Rote,* 68 Pa. St. 248; *Boice* v. *City of Plainfield,* 38 N. J. L. 95; *Pryor* v. *Downey,* 50 Cal. 404; 19 Am. Rep. 656; *People* v. *Lynch,* 51 Cal. 15; 21 Am. Rep. 677; *Schumacker* v. *Tobernan,* 56 Cal. 508; *McDaniel* v. *Correll,* 19 Ill. 228; 68 Am. Dec. 587.) Clearly the legislative organization of the district dates only from the passage of the alleged curative statute. All the initial proceedings under which the present assessment is based were taken long prior to the passage of that statute. These proceedings were not validated by the statute, although it should be held that the district was a valid corporation from and after the passage of the statute. (*Mayor of Baltimore* v. *Horn,* 26 Md. 194; *Denny* v. *Mattoon,* 84 Mass. 383; and see *Lennon* v. *Mayor etc.,* 55 N. Y. 365.)

*W. G. Dyas, amicus curiæ,* also for Appellant.

*Adams & Adams,* for Respondent.

Even if the action of the board of supervisors was irregular in any respect, the act of March 30, 1874, legalized the district. (*People* v. *Rec. Dist. No. 108,* 53 Cal. 346; *Jamison* v. *People,* 16 Ill. 257; *People* v. *Farnham,* 35 Ill. 562; Angell and Ames on Corporations, sec. 77; Boone on Corporations, sec. 16.) The corporate acts of the district prior to the passage of the validating act of March 30, 1874, were each and all valid, whether the district, before such validating act, is deemed to have been a *de jure* or a *de facto* corporation, and are now be-

yond question, in any manner, or in any proceeding, direct or otherwise. (*People* v. *La Rue*, 67 Cal. 530.)

FOOTE, C. — This action was brought to recover an assessment levied upon the land of Mr. Gray by the commissioners of assessment of an alleged reclamation district in the county of Calaveras. The complaint was demurred to, on the grounds that the plaintiff had no authority to sue, because it had never been legally formed or organized by. the board of supervisors, to whom the petition for said formation had been presented, in that the said board in approving the petition found that certain lands embraced in the proposed district had been *improperly included* therein, and that therefore such approval was void.

The second ground of demurrer is, that the complaint does not state facts sufficient to constitute a cause of action, because it appears from the face of the complaint that the reclamation district was never legally formed or organized, for the reason that upon the petition presented to the board of supervisors that body found that certain of the lands embraced in the petition for the formation of the district were improperly included, and because of such finding of improper inclusion, the approval of the petition by the board, " in the manner and in the terms set forth in said complaint, was without authority of law, illegal, and void"; that an act of the legislature purporting to legalize and validate the reclamation district only validated, if at all, the district as of the date of the approval of the act, and validated no act of the board of supervisors or of the board of trustees of the district done anterior to the passage of that act, and particularly the acts of the trustees with reference to making by-laws, employing engineers to survey, plan, locate, and estimate the cost of the works necessary for reclamation, and in reporting such estimates to the board of supervisors and asking for the appointment of commissioners of assessment, and also that the order of the board of supervisors in appointing such commis-

sioners was illegal and void, etc.; that the assessment sought in this action to be enforced was based upon the plans and estimates of the board of trustees presented to the board of supervisors, and upon an order of that board appointing commissioners of assessment anterior to the approval of the creation or validating act of the legislature set out in the plaintiff's complaint.

This demurrer was overruled, and the defendant declining further to answer, judgment as prayed for was given and made for the plaintiff, from which this appeal is taken.

The appellant contends that the board of supervisors had no right to approve the petition as they did; that the statute did not authorize such an approval; that the action of the board amounted to no approval at all, and that such approval was jurisdictional in its nature, and that hence there was no corporate existence, *de jure* or *de facto*, as to the reclamation district; that if there was no jurisdiction in the board of supervisors to organize the district, then the legislature did not validate its organization by the act passed, approved March 30, 1874; that assuming such act of the legislature did validate the organization of the reclamation district as of the date of the passage of the curative act, that such act could not validate the prior proceedings of the board of trustees and commissioners relative to the assessment on the lands of the reclamation district.

It may be conceded here, but not decided, that the action of the board of supervisors was illegal in approving the petition as they did, and yet it would not necessarily follow that the defendant here could impeach the validity of the organization of the reclamation district, or the acts of the board of trustees and commissioners as to the assessment of the lands in the district now under consideration. To do that is in the nature of a collateral attack on the organization of this district, and the acts of the trustees and commissioners. The question to be decided, then, is, Was this reclamation district in existence as a public corporation, *de jure* or *de facto,*

when the assessment was made, and was the assessment valid?

The district certainly was a public corporation from the date of the legislative act, for it was said in *People* v. *Reclamation District 108*, 53 Cal. 348, in relation to a matter similar to that raised here: "A corporation of this character is, as already stated, a public corporation. Such a corporation can be created not only by the means and in the manner provided by the general law, but also by special act or by implication of law. Legislative recognition of a corporation is in many cases sufficient proof of its existence." It is clear, at least, that by the passage of the act of March 30, 1874, the reclamation district in question has received the recognition of the legislature as such. And in such a proceeding as this, such action must be conclusive proof not to be gainsaid that the corporation existed from the time of such recognition. The assessment which it is sought here to enforce was made after that date, and seems to have been made in accordance with the statute having reference to the organization of such district. If the board of trustees and commissioners used data furnished by surveys, estimates, and reports made before that time, this was in the nature of evidence considered by them, but does not invalidate their acts, otherwise legal, in levying the assessment. The cases cited by appellant, to the effect that if it appear from the complaint that no reclamation district, *de jure* or *de facto*, is shown to have existed when the assessment was made that a demurrer such as here involved should be sustained, are not in point, as we think.

For these reasons, we advise that the judgment be affirmed.

Vanclief, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

De Haven, J., McFarland, J., Sharpstein, J.

Hearing in Bank denied.