[18058. Department One.—March 31, 1893.]

## SWAMP LAND DISTRICT No. 150, Respondent, v. A. J. AND MARY SILVER, Appellants.

Reclamation District—Public Corporation—Proof of Creation.—A reclamation district is a public corporation for municipal purposes, and the creation thereof may be shown by acts recognizing its existence.

Id.—Collateral Attack—Action to Recover Assessment—De Facto District. —The validity of its organization cannot be collaterally attacked in an action to recover an assessment levied upon land by a *de facto* district.

Id.—Creation by Special Act—Constitutional Law—Municipal Corporation. —Under section 31 of article IV. of the old constitution, providing that corporations for municipal purposes might be found under special acts, the legislature had power to create a reclamation district by special act, and the act of March 30, 1874 (Stats. 1873–1874, p. 857), creating Swamp Land District No. 150, is therefore constitutional.

ID. — ASSESSMENT FOR RECLAMATION WORK TO BE DONE — SPECIFICATION OF WORK
ALREADY DONE. — Under section 3459 of the Political Code, as amended March
30, 1874, providing for an assessment for work upon a reclamation district, there
is no necessity for a statement by the trustees of the district as to what work
has been done, unless the assessment is to be for work already done, in whole
or in part; and an assessment levied under such act for work *to be done* is not
invalid because the trustees fail to specify the work already done.

ID. — INCIDENTAL EXPENSES — LOSS OF PUMP. — Such assessment is not rendered
invalid because it includes incidental expenses, and a sum required for the pur-
pose of erecting and maintaining a pump.

ID. — LOSS OF CHARTER — NON-USER OF MUNICIPAL POWERS — LEGISLATIVE ACT —
JUDICIAL SENTENCE. — A municipal corporation cannot be deprived of its exist-
ence by non-user of its powers or a failure on the part of its officers to act as a
corporation. It can be deprived of its charter only by act of the legislature, or
a judicial sentence based upon legislative provision and sufficient facts.

ID. — JURISDICTION OF SUPERVISORS OVER RECLAMATION DISTRICT — REPORT — AP-
POINTMENT OF COMMISSIONERS — ACTION UPON ASSESSMENT — EVIDENCE. — The act
of March 30, 1874 (Stats. 1873–1874, p. 867), under which Swamp Land District
No. 150 was organized, showing that the district is entirely within the bounda-
ries of Yolo County, the board of supervisors of that county is the proper
tribunal to which report should be made, although they did not form the corpo-
ration; and in an action upon an assessment thereunder, the order of the board
of supervisors of that county appointing commissioners is admissible as evidence.

APPEAL from a judgment of the Superior Court of Yolo
County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Johnson, Johnson & Johnson,* for Appellants.

*Add. C. Hinkson,* and *John W. Armstrong,* for Respondent.

PATERSON, J. — Plaintiff brought this action to recover from
the defendants the sum of $953.11, the amount of an assess-
ment levied against the land of the defendants lying within
Reclamation District No. 150.

The act of March 20, 1874 (Stats. 1873–1874, p. 867), under
which the plaintiff was organized as a reclamation district, pro-
vides that immediately after the passage of the act the "owners
of land in Swamp Land District No. 150, consisting of what
is known as Merrit Island, in Yolo County, may proceed to
elect trustees and make and record by-laws, . . . . and they
shall thereafter proceed in the work of reclamation, as provided
in said code, with the modifications herein contained." Under
this act the land-owners organized the district by electing
trustees and making and recording by-laws. A notice was

given on the seventh day of April, 1874, that a meeting for the purposes stated would be held on the eighteenth day of April, and at the time and place mentioned in the notice all the land-owners in the district met and elected trustees and adopted by-laws. This is all the act required, so far as the organization of the district is concerned, and the points made by the appellant seeking to impeach the validity of the organization of the district cannot be considered. A reclamation district is a public corporation for municipal purposes, and the creation thereof may be shown by acts recognizing its existence. (*People* v. *Reclamation District No. 108*, 53 Cal. 346.) The validity of the organization itself cannot be collaterally attacked in an action to recover an assessment levied upon land by a *de facto* district. (*Reclamation District No. 124* v. *Gray*, 95 Cal. 601.)

It is claimed by appellants that the act above referred to was clearly unconstitutional, and gave the plaintiff no power to act, but no grounds are stated upon which this claim is based. Section 31, article IV. of the old constitution, provided that "corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes." Under this provision the legislature had the power to create a reclamation district by special act.

It is claimed by appellants that the assessment is invalid, because the trustees in their statement to the board of supervisors did not specify the work which had already been done. Section 3459 of the Political Code formerly authorized an additional assessment only for work necessary to complete the reclamation — it did not authorize an assessment to be made for work already done. By an act approved March 30, 1874, this section was amended by inserting the words "done or" before the words "to be done." Unless the assessment is to be for work already done in whole or in part, there is no necessity for a statement as to what work has been done. The assessment in this case was levied for work *to be done* under section 3459 of the Political Code. (*Hager* v. *Board of Supervisors*, 51 Cal. 477.)

The contention that the assessment is invalid because it includes incidental expenses, and the sum of $33,400 for the

purpose of erecting a pump and maintaining the same, cannot be sustained. (*Reclamation District* v. *Hagar*, 66 Cal. 56.)

It is claimed by the appellant that the district "lost its corporate existence by reason of the non-user of its functions, and by reason of the total failure on the part of its officers and land-owners to act as a corporation"; but there is no such thing in this country as forfeiture of a charter of a municipal corporation through the acts or misconduct of its agents or officers. Any neglect to use the powers in which the public or individuals have an interest may be corrected by the courts. As such corporations can exist only by legislative sanction, so they can only be deprived of their existence by act of the legislature, or a judicial sentence based upon legislative provision and sufficient facts.

The court did not err in overruling the defendants' objection to the introduction in evidence of the order of the board of supervisors of Yolo County appointing commissioners. The act under which the plaintiff was organized provides that "all assessments for reclamation purposes in said district shall be made as provided in the Political Code." The act itself shows that the district is entirely within the boundaries of Yolo County. It follows, therefore, that although the board of supervisors of that county did not form the district, yet such board is the proper tribunal to which report should be made. (*Reclamation District* v. *Goldman*, 65 Cal. 643.)

Other errors are alleged, but we find no merit in any of the points made by the appellant.

The judgment and order are therefore affirmed

HARRISON, J., and GAROUTTE, J., concurred.