[No. 18306. Department One.—August 8, 1894.]

HERMAN QUINT, APPELLANT, *v.* GEORGE W. HOFF-MAN ET AL., RESPONDENTS.

IRRIGATION DISTRICT—PUBLIC CORPORATION—COLLATERAL ATTACK UPON ORGANIZATION.—An irrigation district is a public corporation, formed under a general law for the promotion of the public welfare; and the validity of its organization cannot be attacked collaterally in an injunction suit to prevent the sale of lands for assessments levied by the district, by showing that the board of supervisors acted without their jurisdiction in effecting the organization of the irrigation district.

ID.—VALIDITY OF ASSESSMENT—CORPORATION DE JURE.—The validity of an assessment levied by an irrigation district in no way depends upon the *de jure* character of the corporation, and it is immaterial whether the district be a corporation *de jure* or *de facto.*

ID.—EXORBITANT ASSESSMENT—INJUNCTION—PAYMENT OF JUST TAX.—If the levy of an assessment by an irrigation district is in excess of the power of the board , and the tax is more than the plaintiff can be compelled to pay, he will not be entitled to relief in a court of equity until he has paid the amount the board had power to levy upon his land, it being a matter of computation equally as exact as the computation showing that the levy was at too high a rate.

APPEAL from an order of the Superior Court of Glenn County dissolving an injunction.

The facts are stated in the opinion of the court.

*Maxwell, Dorsy & Soto,* and *Maxwell & McEnerney,* for Appellant.

*Johnson & Johnson,* and *R. Percy Wright,* for Respondent.

Garoutte, J.—This is an action commenced by the plaintiff to enjoin the defendant, P. H. Graham, as collector of Central Irrigation District, from selling any lands of the plaintiff, and of others similarly situated, for assessments levied in the year 1892. A temporary injunction was issued upon the filing of the complaint, which was subsequently dissolved upon the ground that the facts stated therein were not sufficient to entitle the plaintiff to the relief demanded, and thereupon this appeal was taken from such order of dissolution.

The only question presented by this appeal is, Does the complaint state sufficient facts to entitle the plaintiff to a perpetual injunction?

1. The organization of the Central Irrigation District is assailed, and it is insisted that the validity of that organization may be attacked collaterally in this proceeding, by showing that the board of supervisors acted without their jurisdiction in effecting its organization. This position cannot be maintained. An irrigation district of this character is a public corporation, formed under a general law, and its object is the promotion of the general welfare. (*People* v. *Selma Irrigation District*, 98 Cal. 206, and cases there cited.)

Corporations organized under the act of the legislature, popularly known as the Wright Act, being public corporations, it is immaterial whether they be corporations *de jure* or *de facto*. That is a matter which cannot be inquired into upon a collateral attack; and in a case like the present, where the validity of an assessment levied by such a corporation is the subject of litigation, the validity of such assessment does in no way rest upon the fact of the *de jure* character of the corporation. This principle must be considered settled law in this state. (*Dean* v. *Davis*, 51 Cal. 411; *Reclamation District* v. *Gray*, 95 Cal. 601; *Swamp Land District No. 150* v. *Silver*, 98 Cal. 53.) If appellant's contention goes to the extent that this corporation is not even a corporation *de facto*, the allegations of the complaint are not sufficient to support such contention.

2. Conceding the levy was in excess of the power of the board, and the tax was more than plaintiff could be compelled to pay, still he owed the district a portion of the tax levy upon his own showing, and he will not be heard in a court of equity until he has paid the amount the board had the power to levy upon his land. The amount which he honestly owes the district was readily ascertainable, and he should have paid it. Upon the elementary principle that if a part of a tax is valid and authorized, such portion must be paid before a party will be allowed to come into a court of equity to make complaint, we think plaintiff is entitled to no relief in this action. (*San Jose Gas Co.* v. *January*, 57 Cal. 614; *Esterbrook* v. *O'Brien*, 98 Cal. 671.)

For the foregoing reasons the order is affirmed.

HARRISON, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.