[Civ. No. 639. Third Appellate District.—May 9, 1910.]

# RECLAMATION DISTRICT NO. 765, Respondent, v. ANNA McPHEE, Appellant.

RECLAMATION DISTRICT—DE JURE CORPORATION NOT SHOWN—INSUFFICIENT PUBLICATION.—Where the affidavit of publication of a petition for the formation of a reclamation district shows that the publication of notice of the hearing was insufficient to justify the hearing of the petition, it is insufficient to show a reclamation district *de jure.*

ID.—FORECLOSURE OF ASSESSMENT LIEN—DE FACTO CORPORATION—VALIDITY NOT COLLATERALLY ASSAILABLE.—In an action by a reclamation district to foreclose the lien of an assessment, where the district *de facto* is established, its existence cannot be collaterally assailed.

ID.—NATURE OF CORPORATION DE FACTO.—A corporation *de facto* exists where a number of persons have organized and acted as such corporation, have conducted their affairs to some extent through the officers usually employed by corporations, and have assumed the appearance of a legal corporate body.

ID.—EVIDENCE RECEIVED WITHOUT OBJECTION.—No objection having been made to evidence tending to prove a *de facto* corporation, upon the ground that it was not within the issues, it may be considered under the averments denied.

ID.—LAPSE OF TIME IMMATERIAL.—It is not necessary that some particular period of time should elapse in order to show the *de facto* existence of a corporation. Such existence depends rather upon what has been done under and by virtue of the organization than upon the length of time that may elapse after its inception.

ID.—DE FACTO ORGANIZATION BASED ON DISTINCT GROUNDS.—*De facto* organizations are upheld on distinct grounds from those on which a *de jure* organization rests.

ID.—RIGHT OF DE FACTO CORPORATION TO EXIST—RIGHT DETERMINABLE ONLY IN QUO WARRANTO.—Where the right of a *de facto* corporation to exist is shown, its right to exist can be determined only upon *quo warranto* proceedings.

ID.—POWER OF CORPORATION DE FACTO.—A corporation *de facto* may legally do and perform every act and thing which the same entity could do or perform were it a *de jure* corporation. As to all the world except the permanent authority under which it acts and from which it receives its charter, it occupies the same position as though in all respects valid, and even against the state, except in proceedings to arrest its usurpation of power, its acts are to be treated as efficacious.

ID.—RECLAMATION DISTRICTS DE FACTO—VALIDITY OF ASSESSMENT.— Reclamation districts, authorized under the Wright act, are public corporations, whether *de jure* or *de facto*. That is a matter which cannot be inquired into collaterally; and the validity of the lien of an assessment thereof in no way rests upon the *de jure* character of the reclamation district.

APPEAL from a judgment of the Superior Court of Yolo County. K. S. Mahon, Judge.

The facts are stated in the opinion of the court.

Hudson Grant, for Appellant.

A. L. Shinn, and Arthur Huston, for Respondent.

CHIPMAN, P. J.—The judgment in this case was reversed after a careful and somewhat extended discussion of the points involved, by Justice Burnett (10 Cal. App. Dec. 45). Upon the petition of plaintiff a rehearing was ordered and the cause is again before us for consideration.

In our former opinion we held that the board of supervisors was without jurisdiction to create the district, for the reason that there was a failure to publish the petition for its organization for the statutory period; and, further, that the

validity of the organization could be attacked in this action. Since the opinion was filed the decision of the supreme court in *Keech* v. *Joplin*, 157 Cal. 1, [106 Pac. 222], has been called to our attention, which, it is claimed, holds that the organization of the district can only be questioned by *quo warranto.* Upon this point, as well as upon the sufficiency of the publication of the petition, the rehearing was particularly urged.

The action is to foreclose the lien of an assessment levied by the complaining district upon the lands of the defendant, Anna McPhee.

1. If the case were to turn wholly upon the sufficiency of the publication of the petition and notice of hearing thereof, as required by section 3447 of the Political Code, we should still incline to adhere to our former opinion. The statute reads: "The petition must be verified by the affidavit of one of the petitioners and must be published for four weeks next preceding the hearing thereof in some newspaper published in the county in which the lands are situated . . . and an affidavit of publication must be filed with such petition."

Plaintiff, at the trial, introduced the proof of publication which was admitted over defendant's objection as insufficient to show compliance with the statute. No other proof was offered on that question. The hearing, as fixed by the notice published with the petition, was set down for April 4, 1905, at 10 o'clock A. M., as the time also for hearing the petition and the order purporting to form the reclamation district, was made and entered on that day. The affidavit of publication showed the following: "That the Notice of Petition, a true and correct copy of which is hereto annexed . . . has been printed and published four weeks in said newspaper, commencing on March 11, 1905, and ending on April 3, 1905, both days inclusive, and in the regular and entire issue thereof, as follows." Then follow the days in March and April on which the notice was published, commencing March 11th and ending April 3d. Did this satisfy the statute which required the petition to be "published for four weeks next preceding the hearing thereof"? "A week consists of seven consecutive days." (Pol. Code, sec. 3258.) The code rule of computation (Code Civ. Proc., sec. 12) excludes March 11th and includes all of April 3d, which would make the earliest day for the hearing April 8th, if the publication must con-

tinue for four weeks next preceding the hearing. That due publication of the petition and notice of the hearing is juris-dictional cannot be doubted. (*Williams* v. *Sacramento Co.*, 58 Cal. 239; *In Matter of Central Irr. Dist.*, 117 Cal. 390, [49 Pac. 354].) In *Williams* v. *Board of Supervisors*, 58 Cal. 237, which was a case similar to the one here, the day fixed for the hearing was June 17th, and the publication was made May 20th, 27th, June 4th and 12th, but was held insufficient. The court said: "It is obvious that the petition could not be published for four weeks *next preceding* its hearing, unless it was published for four *consecutive* weeks. And inasmuch as the petition could not be published *at least once* a week for that period, and since the statute defines a week to be seven consecutive days, it necessarily results that it could not be published for four weeks next preceding its hearing unless it was published at least once every seven days for the period of four weeks next preceding the hearing." (See, also, *Savings & L. Soc.* v. *Thompson*, 32 Cal. 347; *Misch* v. *Mayhew*, 51 Cal. 514; *Hagenmeyer* v. *Mendocino Co.*, 82 Cal. 214, [23 Pac. 14]; *Derby* v. *City of Modesto*, 104 Cal. 515, [38 Pac. 900].) In *Sherwood* v. *Wallin*, 154 Cal. 735, [99 Pac. 191], the statute required the publication to be "at least two weeks before such action in some newspaper," etc. The meeting was set for March 4th. The publication of notice was made on February 10th and February 17th, one insertion on each date, in a daily newspaper, which was held sufficient, for the court said: "It may be assumed [thus implying] that the language of the statute is such as to require a publication once a week for two weeks before the day noticed for the meeting," and this was done.

2. Could the validity of the corporation be attacked in this proceeding?

The position of respondent is that section 803 of the Code of Civil Procedure has prescribed a remedy for usurpation of corporate functions by *quo warranto,* and that "such remedy is exclusive of all other remedies, except in those special cases where another remedy is also given by statute, such as election contests."

Our attention is also called to section 358 of the Civil Code, which provides as follows: "The due incorporation of any company claiming in good faith to be a corporation *under this*

13 Cal. App.—25

*part,* and doing business as such, or its right to exercise corporate powers, shall not be inquired into collaterally in any private suit to which such *de facto* corporation may be a party; but such inquiry may be had at the suit of the state on information of the attorney general.'' As to this latter point it might be answered that the plaintiff is not claiming to be a corporation ''under this part,'' i. e., part IV of the Civil Code. But whether applicable or not, we are still confronted with the claim made that a *de facto* corporation was shown, and that the existence of such a corporation cannot be collaterally questioned, where it is in good faith exercising the functions of a corporation. Apart from section 358 of the Civil Code, we understand that the rule contended for by respondent is the same where either a *de jure* or a *de facto* corporation is shown. Here ''due incorporation'' was averred in the complaint and denied in the answer. In our former opinion it was held that the ''due'' incorporation, i. e., a *de jure* corporation, was not shown, and that as there was no evidence introduced specifically addressed to the establishment of a *de facto* corporation, there was a failure of proof of any corporation. It did appear, however, that a petition for the formation of the district was signed and notice of its hearing given, though insufficient as to time of publication; at the appointed time it was heard, and upon the hearing the board of supervisors made and entered its order ''purporting to form the said reclamation district,'' and ''ordered that the said petition and application hereto [i. e., / to the order] attached be, and the same is hereby approved.'' The record further shows: ''Thereupon the plaintiff offered in evidence (over objection of defendant to the jurisdiction of the board of supervisors) the papers filed in the Matter of said Reclamation District, showing the appointment of trustees, and other proceedings, regular in form, terminating with the assessment list, which showed an assessment of $1,709.90 against the lands above described as tracts 5 and 6.'' In *Martin* v. *Deetz,* 102 Cal. 55, 65, [41 Am. St. Rep. 151, 36 Pac. 368, 371], the court said: ''An averment of the existence of a *de facto* corporation is as issuable as an averment of the existence of a corporation *de jure;* and its existence does not consist in the mere assertion of its existence in a pleading. What is a corporation *de facto?* It exists

where a number of persons have *organized and acted* as a
corporation; have conducted their affairs to some extent, at
least, by the methods and through the officers usually em-
ployed by corporations; and have assumed the appearance, at
least, of the counterfeit presentment of a legal corporate
body.'' In the case here no claim is made that the proceed-
ings were not taken in good faith; no objection was made to
the evidence showing what the corporation had done in pur-
suance of the purposes of its organization, except that the
proof of publication of notice was insufficient. The answer
denied that the district "was or is duly or at all, organized
as a reclamation district; deny that it constitutes a public
corporation, or public agency, under, pursuant to, or in accord-
ance with, the statutes of California, or any state; or under
the by-laws adopted by said reclamation district, or at all.''
No objection having been made to evidence tending to prove
a *de facto* corporation upon the ground that it was not within
the issues, we may consider it under the averments and
denials. It is not necessary that some particular period of
time should elapse in order to show a *de facto* existence.
Such existence depends rather upon what has been done under
and by virtue of the organization than upon the length
of time which may elapse after its inception. The definition
of a *de facto* corporation, given in *Martin* v. *Deetz,* 102 Cal.
55, [41 Am. St. Rep. 151, 36 Pac. 368], would seem to have
been met in the present case. We have then the question:
"Can the validity of a *de facto* reclamation district be at-
tacked collaterally? In answering this question the fact that
the petition was not published as required by law seems to
me to be a negligible quantity. That infirmity goes to the
*de jure* organization and does not preclude the idea of an
existence *de facto*. *De facto* organizations are upheld upon
grounds distinct from those upon which a *de jure* organization
rests. It was held in *Martin* v. *Deetz,* 102 Cal. 55, [41 Am.
St. Rep. 151, 36 Pac. 368], that where it appeared that the
corporation has no *de facto* existence, its right to exist may
be attacked collaterally in a private action. But where *de
facto* existence is shown, we understand the rule as enunciated
in that case to be otherwise, and its right to exist can be
determined only upon *quo warranto* proceedings. It has
been so held in several cases as to private corporations under

section 358 of the Civil Code. (*Martin* v. *Deetz,* 102 Cal. 55, [41 Am. St. Rep. 151, 36 Pac. 368]; *Lakeside Ditch Co.* v. *Crane,* 80 Cal. 181, [22 Pac. 76]; *First Baptist Church* v. *Branham,* 90 Cal. 22, [27 Pac. 60]; *People* v. *Dole,* 122 Cal. 486, [68 Am. St. Rep. 50, 55 Pac. 581].) In *People* v. *La Rue,* 67 Cal. 526, 530, [8 Pac. 84, 87], which was the case of a swamp land district, the court said: "A corporation *de facto* may legally do and perform every act and thing which the same entity could do or perform were it a *de jure* corporation. As to all the world except the paramount authority under which it acts and from which it receives its charter, it occupies the same position as though in all respects valid, and even as against the state, except in direct proceedings to arrest its usurpation of power, it is submitted its acts are to be treated as efficacious." *Quint* v. *Hoffman,* 103 Cal. 506, [37 Pac. 514, 777], was an action to enjoin the sale of lands for assessments levied under an irrigation district organization. Said the court: "An irrigation district of this character is a public corporation, formed under a general law, and its object is the promotion of the general welfare. (*People* v. *Selma Irr. Dist.,* 98 Cal. 206, [32 Pac. 1047], and cases there cited.) Corporations organized under the act of the legislature, properly known as the Wright act, being public corporations, it is immaterial whether they be corporations *de jure* or *de facto.* That is a matter which cannot be inquired into upon collateral attack; and in a case like the present, where the validity of an assessment levied by such a corporation is the subject of litigation, the validity of such assessment does in no way rest upon the fact of the *de jure* character of the corporation. This principle must be considered settled law in this state. (*Dean* v. *Davis,* 51 Cal. 411; *Reclamation Dist.* v. *Gray,* 95 Cal. 601, [30 Pac. 779]; *Swamp Land Dist. No. 150* v. *Silver,* 98 Cal. 53, [32 Pac. 866]." See *People* v. *Linda Vista Irr. Dist.,* 128 Cal. 477, 484, [61 Pac. 86].) The principle laid down in *Quint* v. *Hoffman,* 103 Cal. 506, [37 Pac. 514, 777], and *Reclamation Dist.* v. *Turner,* 104 Cal. 335, [37 Pac. 1038], was approved in *Keech* v. *Joplin,* 157 Cal. 1, [106 Pac. 222]. Said the court: "The evidence abundantly shows that the district has been organized, and that it has been acting as a district. In other words, that is a *de facto* district. It is a public corporation of a

similar character to irrigation districts and reclamation districts. The law is well settled that the validity of the organization of such a district cannot be questioned by private individuals, but only in a proceeding in *quo warranto* at the suit of the state.''

At the former hearing the stress of the argument was placed upon the question whether a *de jure* district had been created, and our decision rested mainly upon the right of defendant to call in question its validity where it clearly appeared, upon plaintiff's own showing, that the supervisors were without jurisdiction. It was assumed that plaintiff had not shown *de facto* existence. Inasmuch, however, as this fact now appears to us to have been established, we think that the decisions of our supreme court compel a conclusion favorable to plaintiff's contention.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 8, 1910.

Beatty, C. J., Angellotti, J., and Sloss, J., dissented from the order denying a rehearing in the supreme court.