[No. 18248.    Department One.—October 3, 1894.]

## RECLAMATION DISTRICT No. 542, APPELLANT, *v.* R. M. TURNER, RESPONDENT.

RECLAMATION DISTRICT—PUBLIC CORPORATION—COLLATERAL ATTACK ON ORGANIZATION.—A corporation organized under the provisions of the Political Code, for the purpose of reclaiming swamp and overflowed lands, is *quasi* public, and the legality and regularity of the proceedings leading up to its final creation cannot be attacked collaterally in an action to enforce an assessment levied upon lands within the district.

ID.—ACQUISITION OF PRIVATE LEVEE.—Under section 3454 of the Political Code, existing private levees, which are necessary for the reclamation of the land within the reclamation district, may be acquired by the trustees of the district by either purchase or condemnation.

ID.—DISQUALIFICATION OF TRUSTEES—VOID ASSESSMENT.—A trustee of the reclamation district is disqualified from acting with respect to the acquisition by the district of a levee owned by himself, and if a majority of the trustees are severally the owners of different levees embraced within the reclamation scheme they are each disqualified from acting with respect to the acquisition of either of such levees, and if they do so, an assessment levied therefor is void.

APPEAL from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion of the court.

*H. V. Reardan,* for Appellant.

*Freeman & Bates,* for Respondent.

HAYNES, C.—The plaintiff claims to be a public corporation, organized March 11, 1892, under the provisions of the Political Code, for the purpose of reclaiming swamp and overflowed lands, and brought this action

against the defendant to recover the amount of an assessment made upon his lands within the district for the purpose of constructing the works necessary to reclaim the lands therein, together with certain incidental expenses connected therewith.

The cause was tried by the court without a jury, and findings were filed from which the conclusion was drawn that the defendant was entitled to judgment for his costs, and judgment was entered accordingly.

The appeal is from the judgment upon the judgment-roll alone.

1. The answer attacked the validity of the organization of the district, as a corporation, and alleged that it had no capacity to sue.

This court has repeatedly held that corporations similar to the plaintiff in this case are of a *quasi* public character, and that the legality and regularity of the proceedings leading up to their final creation cannot be attacked collaterally.   This is the course attempted to be pursued here, and a long line of authority is opposed to it.   (See *Quint* v. *Hoffman,* 103 Cal. 506, and cases there cited.)

The second and sixth findings of fact are as follows:

"2. That on or about the eleventh day of March, 1892, plaintiff employed B. L. McCoy as engineer, as alleged in its complaint and for the purposes therein alleged, and he, thereafter, as in said complaint alleged, did survey, plan, locate, and report a system of reclamation, and an estimate of the cost of the work necessary for the reclamation of the lands in the district and of the lands needed for right of way, and the amounts estimated and reported by him were as stated in said complaint.   That in such report said engineer stated that there were already existing within the district a line of old levees which were adopted by him as a part of the system of reclamation, and which at the date of such report belonged to private persons, and were by such engineer reported to be thirty-eight thousand eight hundred (38,800) feet in length, and he

reported that such old levees from actual measurement were worth eleven thousand one hundred and fifty-six dollars and ninety-four cents, and that such sum ought to be paid therefor, of which sum he recommended that seven thousand nine hundred and eighty-seven dollars and ninety-two cents be paid to persons acting as trustees of plaintiff, and that such sum be paid to the persons and in the amounts stated in defendant's answer. That said old levees are upon lands within said district, and were constructed prior to the taking of any steps for the organization of plaintiff, and were at the date of said report, and still are, the property of the persons on whose lands they are situated. That the said plaintiff has no means wherewith to purchase the title or the right to use said old levees, except by the levy and collection of an assessment upon the lands within the district. That the sum of two thousand eight hundred and fifty dollars, referred to in said complaint, was made up of the several items and amounts stated in subdivision 2 of defendant's answer. That at the time said report was made, and ever thereafter, J. M. Hoyl, William James, and E. White were trustees of plaintiff, and the said James and White were the owners of old levees adopted as part of the system of reclamation, but said James and said White had no interests in common with said old levees. That said report of said engineer was adopted by the unanimous vote of all three of said trustees."

" 6. That it was at no time understood or agreed by or between plaintiff herein, or the trustees hereof, and the landowners within said district, that no landowner should receive or be entitled to any thing or sum in excess of the amount which should be assessed against his lands for benefits thereto; nor was there at any time an agreement between said plaintiff, or its trustees, and E. White, that said White should not receive any sum in excess of the amount assessed against him for benefits."

Section 3454 of the Political Code provides: "The board of trustees shall have power to elect one of its

members president thereof; to appoint engineers and others to survey, plan, locate, and estimate the cost of the works necessary for the reclamation of the lands of the district; to thereafter, at any time in its discretion, modify or change such original plan or plans, or adopt new, supplemental, or additional plan or plans, when, in its judgment, the same shall have become necessary; to acquire by purchase, condemnation, or otherwise, the right of way, and the right to take material for the construction of all works necessary for the accomplishment of that object, including drains, canals, sluices, bulkheads, watergates, levees, and embankments, and to construct, maintain, and keep in repair all works requisite and necessary to that end; and to do all other acts and things necessary or required for the reclamation of the lands embraced in the district."

Here were more than seven miles of embankment already in existence. Assuming that new embankments where none existed would complete the reclamation of the entire district, the old embankments would, nevertheless, be in fact used for the accomplishment of that work. The old embankments were private property, however, built, doubtless, for the sole benefit and protection of the lands of the owner. It would, therefore, seem unjust that they should be used as part of an entire system for the benefit of others, as well as the owners, without being taken into the account, or that the owners should be assessed for the construction of new embankments covering the same space. We do not think it could have been the intention of the legislature that the existence of embankments within the district should prevent the full reclamation of all the lands within it, or that any part of the system should not be under the control of the corporation, as must be the case if the old embankments remain private property. If the embankments did not exist, it is clear that a right of way for their construction could be acquired by purchase or condemnation; nor do we see that the existence of the embankments constitutes any obstacle

CIV. CAL.—22

to the procurement of the right of way over the same ground, the embankments simply adding to the value of the right of way, or, if that be doubtful, we think it may fall within the "all other acts and things requisite or necessary" to the reclamation of the lands within the district—the words "necessary or requisite" including that which is expedient. How this can be equitably adjusted between the different landholders within the district is a question that is not before us.

The second point made by respondent, viz: that two of the three trustees, being interested in the existing levees or embankments, which, according to the estimate of the engineer, constituted, in round numbers, one-half the entire cost of reclamation (aside from incidental expenses), were incapacitated by reason of their interest, we think must be sustained.

The estimated value of the whole of the old embankments is eleven thousand one hundred and fifty-six dollars and ninety-four cents, and of that owned by James and White, two of the trustees, seven thousand nine hundred and eighty-seven dollars and ninety-two cents.

Appellant insists that, as James and White were not jointly interested in any part of the old levees, that as to the value of the several interests of each, two of the trustees were disinterested and competent to act, and as to the report of the engineer, upon which the assessment was based, the board of supervisors acted, the latter board being wholly disinterested and independent, and that therefore the proceeding is unaffected by the personal interest of these trustees.

It is not necessary to assume that the engineer was partial or prejudiced in favor of the trustees who employed him, nor that his estimate of the value of the embankments was unfair, nor that the trustees, if this assessment were collected, would pay more or less than the estimated value of these embankments; the rule involved is broader and deeper, and does not require the defendant to show that he would in fact be injured. The rule is that where the personal or individual inter-

est of an officer or agent conflicts with that of his principal, whether such principal be an individual, or the public, or a corporation, he cannot (unless under special circumstances) bind his principal. Appellant is mistaken in supposing that the duties of the trustees are merely perfunctory. They employ the engineer, and such employment involves selection. He could not be selected and employed by the one disinterested trustee, and in this selection and employment the personal interests of these two trustees were involved, and were in conflict with the interests of the defendant and of all who were not the owners of embankments. Whether the embankments shall be ultimately acquired at a less cost than the value placed upon them by the engineer does not affect the assessment based upon his estimate, nor the judgment to be rendered against respondent if the proceedings should be held valid.

It may be conceded that if but one of the trustees was interested in the old embankment the action of the others could be sustained in any purchase that might be made of them by the district; but it would be turning a very sharp corner for James to say to White, "You and Mr. Hoyl fix the value on my embankment and buy it for the district, and he and I will buy yours," as each would be interested to increase the price of the other's property in order to increase the price of his own; and, if condemnation proceedings were resorted to, they would be defendants while prosecuting the proceedings on behalf of the district.

If we are right in holding that the old embankments can be acquired by the district and used as part of the reclamation works, we think it must follow that since all in the district are not owners of embankments, that at least a majority of the board of trustees must be composed of nonowners of such embankments.

Some other questions are made by respondent concerning the regularity of the assessment, but these do not now require notice. We would, however, in view of possible future proceedings, call attention to section

3466 of the Political Code, as amended in 1891 (Stats. 1891, p. 288), which seems to have been overlooked by counsel. Under this section the cause of action did not accrue until twenty days after the date of the order made by the trustees, whereas this suit was commenced in fifteen days after the order was made; nor did the order require payment in installments, as provided by said amended section.

The judgment appealed should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

VAN FLEET, J., GAROUTTE, J., HARRISON, J.