[Civ. No. 3404.　Second Appellate District, Division One.—February 7, 1921.]

JOHN F. GRAY, Appellant, v. THE CARDIFF IRRIGA-
TION DISTRICT, etc., et al., Respondents.

[1] IRRIGATION DISTRICT — CHANGING OF BOUNDARIES — VALIDITY OF PROCEEDINGS—ATTACK BY PROPERTY OWNER.—An action to have proceedings for the enlargement of an irrigation district declared void and an assessment invalid may only be maintained at the instance of the people of the state, since such district has at least a *de facto* existence which is sufficient to make it immune from an attack by individual property owners. (Question not determined by supreme court on denial of application for hearing.)

APPEAL from a judgment of the Superior Court of San Diego County.　C. N. Andrews, Judge.　Affirmed.

The facts are stated in the opinion of the court.

George H. Stone and Haines & Haines for Appellant.

Claude L. Chambers and Henry J. Stevens for Respondents.

THE COURT.—This action was brought by plaintiff to have it determined that proceedings for the enlargement of defendant irrigation district were void, and that an assessment levied by the defendant district upon plaintiff's property, in consequence, was invalid. Plaintiff purported to sue on his own behalf and also on behalf of approximately one thousand land owners situated similarly to himself and having property within the Cardiff District, upon which an assessment had been levied. The grounds alleged, generally stated, were that fraud had been committed by the promoters of the plan by which the boundaries of the original Cardiff Irrigation District had been extended to include the land of the plaintiff and of others. We need not here enter into a more particular statement of the grounds of the petition. A demurrer was interposed to the complaint, and the point was urged, among others, that plaintiff had not the capacity to sue for the relief demanded, for the reason that an action such as this could only be maintained at the suit of the people of the state. The court sustained the demurrer, and the plaintiff appealed from the judgment of dismissal which followed.

[1] We think that the court did not err in sustaining the demurrer. From the allegations of the complaint it appears that the proceedings for the annexation of territory to the Cardiff Irrigation District were regular in form and that the district had assumed to exercise authority over the annexed land. The district had at least a *de facto* existence, and that was enough to make it immune from an attack by an individual property owner or any number of such owners. The cause of action does not relate to matters of irregularity in the proceedings of the district, for which cause the property owners within the district might have a right of action under sections 68 and 69 of the Irrigation Act. (Deering's Gen. Laws 1915, p. 696.) It calls into question the existence of the district itself and denies the right of the district to exercise its corporate authority over the annexed territory. Such a cause of

51 Cal. App.—20

action may only be maintained at the instance of the people of the state. (*Quint* v. *Hoffman*, 103 Cal. 506, [37 Pac. 514, 777]; *Reclamation Dist.* v. *Turner*, 104 Cal. 334, [37 Pac. 1038]; *Hamilton* v. *County of San Diego*, 108 Cal. 273, [41 Pac. 305]; *Keech* v. *Joplin*, 157 Cal. 1, [106 Pac. 222].) In another case (*People* v. *Cardiff Irr. Dist., post*, p. 307, [197 Pac. 384]), which was properly brought as a *quo warranto* proceeding, we have considered the main questions affecting the same district, which is attempted to be raised on this appeal. As to this action, however, it is plain that the plaintiff has not the capacity to sue for the relief demanded.

The judgment is affirmed.

'A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court in April 7, 1921, and the following opinion then rendered thereon:

THE COURT.—Whether or not, under some circumstances, a property owner included in an irrigation district may attack an assessment by the district on the ground that his property was erroneously included in the district in the first instance, or whether, if this can be done under some circumstances, such circumstances exist here, need not be determined. The case is now moot in view of the decision of the district court of appeal in the companion case of *People* v. *Cardiff Irr. Dist., post*, p. 307, [197 Pac. 384], holding upon *quo warranto* that the defendant district had not properly been enlarged to include the plaintiff's land, a decision which has now become final by our refusal this day to grant a hearing before this court.

The application for a hearing in this court after decision by the district court of appeal of the second appellate district, division one, is denied.

All the Justices concurred, except Sloane, J., who was absent.