[No. 4964.]

## A. ROBINSON *v.* W. H. GLEASON.

Parties to Actions.—Where the answer discloses the fact that persons not parties to the action have succeeded to the defendant's interest, in whole or in part, it is the duty of the plaintiff to amend and bring in those parties, and if he neglects to do so, the Court, of its own motion, should order it to be done at the proper time in order that the whole controversy may be settled in one action.

Appeal from the District Court of the Seventeenth Judicial District, Los Angeles County.

The action was to quiet title. The facts are stated in the opinion.

*R. M. Widney*, for Appellant.

*E. W. McGraw*, for Respondent.

By the Court:

Among the matters of defense the answer avers that after the purchase by the defendant from the plaintiff of the land in controversy, and prior to the commencement of the action, he, the defendant, sold portions of the land to Taylor, McCracken, Cummins, Lansour, and McDonald, ten acres to each, and the purchasers entered into possession, erected houses, and made other improvements on the land, and they or their assigns were at the commencement of the action, and still are, in the open and notorious possession thereof, of which the plaintiff had notice. The answer raises the point that these persons were necessary parties

to the action, without whose presence a complete determination of the controversy cannot be had. At the trial it was admitted that all the averments of the answer in this particular were true, with the additional fact that the contracts of sale from the defendant to Taylor and others were not of record at the time of the commencement of the action, and that the plaintiff had no actual notice thereof; but that Northam and Martin, two of the beneficiaries of the trust, had such notice. It is contended, on behalf of the plaintiff, that it was unnecessary to make these persons parties defendant, for the reason that their contracts of purchase were not of record at the commencement of the action, and that the plaintiff had no actual notice thereof. But sec. 726 of the Code of Civil Procedure applies only to an action for the foreclosure of a mortgage, and sec. 754 only to an action for partition. The present action is not within either of these categories, and these sections do not apply to it. The purchasers from the defendant who had succeeded in his interest in and to the several tracts sold to them respectively, and who had entered into the possession and erected improvements thereon, could not be deprived of their interest or claim of title, nor be disturbed in the possession, without first having had their day in Court; nor could there be a complete determination of the controversy in the absence of these parties. When the facts were brought to the attention of the plaintiff by the answer, it was his duty to amend his complaint and bring in these persons, and if he neglected to do so, the Court of its own motion should have ordered it to be done, at the proper time, in order that the whole controversy might be settled in one action.

Judgment and order reversed and cause remanded for a new trial.