[No. 9801. Department One. — September 28, 1885.]

THE PEOPLE, APPELLANT, v. H. M. LA RUE ET AL.,
RESPONDENTS.

SWAMP LANDS—RECLAMATION DISTRICT—PUBLIC CORPORATION.—A swamp land
reclamation district is a public corporation for municipal purposes.

ID.—DE FACTO CORPORATION—LEGALITY OF ITS ACTS.—A corporation *de facto*
may legally do and perform every act and thing which the same entity could do
or perform were it a *de jure* corporation. As to all the world, except the para-
mount authority under which it acts and from which it receives its charter, it
occupies the same position as though in all respects valid, and even as against
the State, except in direct proceedings to arrest its usurpation of power, its acts
are binding.

ID.—REORGANIZATION—LEGALITY OF ORIGINAL DISTRICTS.—Swamp land levee and
reclamation districts *de facto*, acting as such in good faith and under an
attempted compliance with the law, may, under section 3489 of the Political
Code, be united, consolidated, and reorganized, so as to form a new corporation
in all respects valid, and proceedings in the nature of *quo warranto* against such
new corporation cannot be extended to an inquiry and determination as to the
legality of the organization of the original districts.

PRIVATE CORPORATION—POWER TO HOLD REAL ESTATE—PRESUMPTION.—Every
corporation is presumed to have power to purchase and hold real estate, and if
there is anything in its charter, or the business in which it is engaged, or the
law under which it is organized, abridging this power, it must be shown
affirmatively.

APPEAL from a judgment of the Superior Court of the county
of Sacramento, and from an order refusing a new trial.

The facts are stated in the opinion.

*Attorney-General Marshall, Grove L. Johnson, W. H. Beatty,*
and *John W. Armstrong,* for Appellant.

*A. P. Catlin,* for Respondents.

SEARLS, C.—This is an action in the nature of *quo warranto,*
to determine whether there is any such corporation as Reclama-
tion District No. 407, and whether the defendants Hugh M. La
Rue, Samuel Lavenson, and William Wilcox are trustees
thereof.

The defendants set up in their answer that two reclamation
districts existed under and by virtue of the laws of the State of
California, known and designated respectively as districts No.
89 and No. 215, and that Swamp Land Reclamation District
No. 407 was formed under section 3489 of the Political Code

of the State of California by the *reorganization and consolidation* of said districts 89 and 215.

The cause was tried by the court without a jury, and defendants had judgment, from which and from an order denying a motion for a new trial this appeal is prosecuted by the plaintiff.

It was admitted at the trial that defendants were elected trustees of Swamp Land District No. 407, pursuant to an order of the board of supervisors, and after due notice thereof.

The whole controversy is involved in appellant's third assignment of error, which is as follows:—

"The evidence is insufficient to justify the judgment in favor of defendants, because the evidence clearly shows that district No. 407 was formed out of districts No. 89 and No. 215, and that said districts No. 89 and No. 215 were never legally, or at all, organized, and that consequently district No. 407 was never legally, or at all, organized, and that consequently defendants were claiming to hold an office and to exercise a franchise that never existed."

We think the evidence sustains the assertion that districts No. 89 and No. 215 had gone through the form of organizing, and had for some years acted as swamp land districts—that they were *de facto* corporations, and it seems to be tacitly conceded, though not directly admitted, that there were irregularities in their proceedings which would have been fatal to their existence in a direct attack on the part of the people.

We shall, consequently, for the purposes of the decision, assume that districts No. 89 and No. 215 were *de facto* corporations, and *were not* corporations *de jure*.

Section 3489 of the Political Code provides that "swamp land, levee, and reclamation districts formed, organized, or erected into districts under special or general laws heretofore or now in force may reorganize and consolidate in the manner following: Whenever the owners of a majority of acres of land in each of two or more swamp land, levee, or reclamation districts shall desire to consolidate and reorganize, they may do so by filing a notice with the county recorder of the county in which the greatest portion of the land of the districts is situated, setting forth that they desire to consolidate and reorganize. The notice must give the exterior boundaries of the said district, the name

and number of each of them, the number of acres of land that each contains, and must be signed by the persons owning the majority of acres of land in each district, and shall designate the number of acres owned by each signer in the district in which the same is situated."

The section proceeds further to make it the duty of the county recorder to record the notice, to make and forward to the State land register a certified copy thereof; whereupon the latter must designate a number for the reorganized district the same as provided for in original organizations, and thereafter the district so organized shall be under the operation and be governed by the general laws, and all proceedings thereafter shall be the same as in organizing districts upon original petition.

The proceedings for the organization of the present district under section 3489 of the Political Code seems to have been substantially in accordance with the requirements of that section, and of the general statutes relating to and governing the same, and unless in this proceeding the regularity of the organization of the original districts No. 89 and No. 215 may be inquired into, the judgment of the court below should be affirmed.

It has been determined by this court that a reclamation district is a public corporation for municipal purposes. (*Dean* v. *Davis,* 51 Cal. 409.)

Reclamation District No. 407 is either a corporation, or it is not. The whole theory of this action proceeds upon the ground that districts No. 89 and No. 215, not having been organized as by law provided, had no legal entity, and could not therefore serve as a basis upon which to organize by consolidation a new district, and as a consequence that No. 407 has in the eye of the law no existence.

If it is, and at the time this action was brought, was a corporation, the action must fail, for its sole object is to determine judicially that there was no such district, and no such offices as those claimed by defendants.

The question of the reclamation of the swamp and overflowed lands of the State, is one that has received much attention at the hands of the legislature, numerous statutes bearing upon the subject, and having the same general object in view, had prior to 1878 received the sanction of the law-making power.

Under these statutes a large number of swamp land districts had been organized, governed by separate and sometimes opposite laws.

The object in every case was, no doubt, to reach the same general result, and to vary the means so as to meet the requirements of different cases and classes of cases. The result of this varied legislation, however, was to so far complicate the system that no general and comprehensive rule could be formulated and adopted, and a multitude of swamp land districts existed, each governed by its own special law.

To bring all these swamp land districts within the operation of general laws seems to have been one of the objects of the amendment of 1878, embodied in section 3489 of the Political Code.

Under that section new districts are created.

It provides for the filing of a notice, and prescribes the contents of such notice and the mode or number of persons by whom it must be signed.

Upon recording this notice and furnishing a certified copy to the State land register, that officer is required to designate a number for the organized district, after which it shall be under the operation of and governed by the general reclamation laws of the State, and all proceedings thereafter shall be the same as though such district was organized upon an original petition.

The statute does not propose any method, or delegate to any officer, authority to inquire into the regularity of the proceedings by which the original districts were formed.

Indeed it does little more than to adopt the territorial limits of the old districts as the boundaries of the new.

In reason we can see no objection to the formation of a valid corporation under section 3489, by consolidating two or more districts existing as such in fact, and entitled to recognition as such by all the world, except the State of California, and by the State even, except in direct proceedings against it, to determine its right to exercise corporate powers.

The object of the law is to promote the formation of corporations for the reclamation of waste lands.

It would seem from some of the language used in the latter portion of section 3489, that the legislature contemplated the

reorganization and consolidation of districts which had not been legally organized, for it is provided that such reorganization shall not be so construed as to validate such original organization.

"Nor shall any indebtedness or any act of said districts, or the officers thereof, prior to the act of reorganization and consolidation, be legalized by this act."

If valid districts *could not* be created by reorganizing those which were invalid, clearly there could be no reason in providing that such reorganization should not validate the original districts.

The organization of a *void corporation*, or to be more precise, an attempt to organize a corporation which utterly fails, cannot give a legal status to anything.

It appears as though the law-makers contemplated cases in which valid corporations might be created over a district in which irregular and invalid districts had existed, and lest such reorganization should be taken as evidence of approval of the acts and indebtedness of such pre-existing districts, inserted the language therein contained.

It is as though the legislature had said you may reorganize and create valid corporations for municipal purposes by uniting two or more corporations irregularly organized, but in so doing you cannot legalize the original bodies, and this law under which you are permitted so to do, shall not legalize any act or indebtedness of the original districts performed or incurred *before* you reorganize.

In saying the previous acts should not be legalized, we think the legislature intended the converse of the proposition should also be true, and that the *subsequent acts* of a corporation formed out of such material as we are considering should be valid.

And we may ask why not?

A corporation *de facto* may legally do and perform every act and thing which the same entity could do or perform were it a *de jure* corporation. As to all the world except the paramount authority under which it acts and from which it receives its charter, it occupies the same position as though in all respects valid, and even as against the State, except in direct proceedings to arrest its usurpation of power, it is submitted its acts are to be treated as efficacious.

How then stands the case? Swamp Land Districts No. 89 and No. 215 have never been the subject of a direct attack by the

State to arrest their charters, or what under our law is the same thing, to stay their exercise of corporate functions.

As to those corporations, this is a collateral attack.

We think it should not prevail, and that swamp land, levee, and reclamation districts *de facto*, acting as such in good faith and under an attempted compliance with law, may under section 3489 of the Political Code, be united, consolidated, and reorganized so as to form a new corporation in all respects valid, and that proceedings in the nature of *quo warranto* against such new corporation, cannot be extended to an inquiry and determination as to the regularity of the several steps by which such original swamp land, levee, and reclamation districts were organized.

It was further objected at the trial to the introduction of the petition for the organization of Reclamation District No. 407, "that it shows it was signed by the Pacific Mutual Life Insurance Company, a corporation, and there is no proof that the corporation is authorized to hold real estate."

It is said by Angell & Ames on Corporations, at section 110, that "both by the laws of England and the United States, there are several powers and capacities which tacitly and without any express provision are considered inseparable from every corporation. Kyd enumerates five of these as necessarily and inseparably belonging to *every* corporation."

In enumerating them, the third in number is the right or power "to purchase lands and hold them for the benefit of themselves and their successors."

The presumption is that the corporation in question. had the right to purchase and hold the lands by it represented.

If there was anything in its charter or the business in which it was engaged, or in the law under which it was organized, in any manner abridging its right to hold land, it does not appear of record, hence we deem the objection untenable.

Upon the whole case as presented, we are of the opinion the judgment and order appealed from should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.— For the reasons given in the foregoing opinion the judgment and order are affirmed.