PEOPLE'S DITCH COMPANY v. '76 LAND AND WATER COMPANY et al.

Sac. No. 41; March 10, 1896.

.44 Pac. 176.

**Parties—Bringing in After Issue Joined.**—Under Code of Civil Procedure, sections 379, 389, providing that one having an interest in the controversy, or whose presence is necessary to a final determination of it, may be brought into an action as defendant, the court may order one who purchased rights in the property in controversy after issue joined on the original complaint to be made defendant by an amended complaint.

**A De Facto Corporation may Sue and Assert its corporate character** as against the world, except in a direct proceeding by the attorney general to test its right to its franchise.

**Appeal.—Where There is a Sharp and Substantial Conflict** of evidence, the findings of the trial court will not be disturbed.

APPEAL from Superior Court, Tulare County.

Action by the People's Ditch Company against the '76 Land and Water Company and the Alta Irrigation District to enjoin a diversion of water. From a judgment in favor of plaintiff and from an order denying a new trial defendants appeal. Affirmed.

W. S. Goodfellow and C. W. Cross for appellants; Bradley & Farnsworth and Alfred Daggett for respondent.

PER CURIAM.—Appeal from the judgment and from an order denying a new trial in an action by the respondent, as a prior appropriator, to enjoin the defendants from diverting water from Kings river so as to interfere with respondent's

appropriation; judgment being in favor of respondent, enjoining such diversion.

1. The demurrer of the defendant Alta Irrigation District to the amended or supplemental complaint making it a defendant, upon the ground that it was improperly joined as a defendant in the action, was properly overruled. That defendant having, subsequently to issue joined on the original complaint, taken a conveyance from the '76 Land and Water Company of all the latter's rights to divert the waters of Kings river, together with its canal and ditches by means of which such diversion was made, and under which conveyance the vendee claimed the right to make diversion of the waters of said river to the like extent claimed by its vendor, it clearly became a necessary party to a complete determination of the controversy; and, that fact being brought to the attention of the court, it was properly ordered that the vendee be brought in as a defendant: Code Civ. Proc., secs. 379, 389; Robinson v. Gleason, 53 Cal. 38.

2. Assuming that the defendants' objection to the introduction in evidence of plaintiff's articles of incorporation, for their want of strict conformity to the requirements of the Civil Code, should have been sustained, the error in admitting the paper is without prejudice. The complaint alleged that the plaintiff was at the commencement of the action, and since the year 1872 has been, a corporation duly incorporated under the law, and since said date has been acting in good faith as such corporation, and there was evidence sufficient to support the finding of the court as to the de facto character of the corporation. This being so, it became immaterial whether plaintiff was in fact a corporation de jure or not, since its de facto character entitled it to maintain the action, and assert its corporate character as against all the world except the state in a direct proceeding by the attorney general to test its right to such franchise: Code Civ. Proc., sec. 358; People v. La Rue, 67 Cal. 530, 8 Pac. 84.

3. The point most seriously contended for is that the evidence does not support the findings in certain material respects; and, by reason of such contention, we have carefully reviewed the evidence contained in a somewhat voluminous record. As a result of such examination, we are constrained to hold that the contention cannot be sustained. While, in one or two particulars, we are inclined to think the evidence

preponderates somewhat in favor of the view of the facts as contended for by defendants, we are nevertheless satisfied that in these respects, as in all others, there is a sharp and substantial conflict, which fact precludes us from disturbing the findings of the trial judge. The judgment and order are affirmed.