112; anno. 12 L. R. A. (N. S.) 1021; L. R. A. 1916E, 828; 15 R. C. L. p. 608; 3 R. C. L. Supp. p. 476.

---

## ROBBINS v. STATE.

No. 16499—Opinion Filed March 9, 1926.

Error from County Court, Pontotoc County; Tal Crawford Judge.

Action between Leo Robbins and the State of Oklahoma. From the judgment, the former appeals. Reversed and remanded.

King & Crawford, for plaintiff in error.

J. W. Dean, County Attorney, for defendant in error.

PER CURIAM. Upon authority of Ellis v. Outler, 25 Okla. 468, 108 Pac. 957, this cause is reversed and remanded for a new trial for failure of the defendant in error to file a brief as required by rule 7 of this court.

---

## DOUTHIT et al. v. BALDWIN et al.

No. 17180—Opinion Filed March 9, 1926.

(Syllabus.)

**Municipal Corporations—Adoption of Charter—Validity—Collateral Attack.**

Where a city having a population of more than 2,000 inhabitants elected a board of freeholders to prepare and propose a city charter for such city, and thereafter a charter is by the board of freeholders so drafted and submitted to the electors of such city, who adopt the same, and such city charter is thereafter submitted to the Governor for his approval and the same is by him approved, then such city charter becomes the organic law of such city and the invalidity of such charter cannot be drawn in question in a collateral proceeding, where it is alleged that the action upon the part of the city in submitting an election for a board of freeholders was illegal.

Error from District Court, Oklahoma County; Sam Hooker, Judge.

Action by T. B. Douthit et al. against J. F. Baldwin et al. Judgment for defendants, and plaintiffs appeal. Affirmed.

Edward C. Snyder and Warren K. Snyder, for plaintiffs in error.

Hayson & Lukenbill, for defendants in error.

LESTER, J. The parties will be referred to as they appeared in the court below. The plaintiffs brought an action in the district court of Oklahoma county against the de-

fendants, in which the plaintiffs sought to enjoin and restrain defendants from exercising the duties as officers of the city of Edmond, Okla. The defendants filed a demurrer to the petition of the plaintiffs, and the court sustained the same.

The plaintiffs elected to stand upon their petition, and judgment was rendered in favor of the defendants, and the plaintiffs prosecute this appeal to reverse the judgment of the district court.

The petition of the plaintiffs stated and alleged that the plaintiffs were residents of the city of Edmond, Okla., that they were legal voters therein and owned and paid taxes on property located in said city, and that each of them was and had been duly elected to the office of councilman in said city and had qualified as such and that the terms of none of them had expired. It is further shown by the petition of plaintiffs that the city of Edmond is located in Oklahoma county, Okla., that it is a municipal corporation, being a city of the first class; that at the time the plaintiffs were elected to the office of councilmen its form of government was aldermanic. It is further shown by the petition of plaintiffs that each and all of the defendants, on the 12th day of January, 1926, were elected to the various offices of the city of Edmond, under and by virtue of a city charter, and that such officers are threatening to take charge of the offices held by the plaintiffs. The plaintiffs also allege that the charter which the city of Edmond attempted to adopt is illegal and void and is without force. It is further alleged in plaintiffs' petition that at the last municipal election held in the city of Edmond, on the 3rd of April, 1924, there were cast 1,275 votes, and that under article 18, section 3 (b) of the Constitution, of Oklahoma, before a chief executive officer of any such city is authorized to call an election for a board of freeholders to provide a charter it is necessary to have filed with him a petition demanding such election, and that it is also necessary that such petition be signed by a number of qualified electors residing in such city equal to 25 per centum of the total number of votes cast at the next preceding general election, and therefore in the instant case it required such petition to be signed by not less than 319 qualified electors residing within the city of Edmond. The plaintiffs further alleged that this requirement was not complied with, in that there were 114 names signed to said petition whose names were signed by persons other than the alleged signers; that there appeared on said petition 34 names of persons who were not qualified

electors. The plaintiffs alleged that there were also 16 names embraced in said petition who were not qualified to sign same, this leaving 182 names of persons who were qualified to sign the same, and that on account of the petition not being signed by a sufficient number of qualified electors as required by law, said petition did not confer jurisdiction on the mayor as the chief officer of the city of Edmond to call an election for a board of freeholders to provide a charter for said city, and that all acts upon the part of the mayor in calling said election were void, and that all acts and things done thereafter in attempting to adopt the city charter were void. The plaintiffs also alleged other irregularities pertaining to the adoption of said charter. The plaintiffs also alleged that they are taxpayers and that on account of expenses incurred by reason of an attempt upon the part of certain persons to cause the adoption of such city charter the defendants will attempt to pay out moneys now in the city treasury for said illegal expenses.

After carefully summarizing the petition of plaintiffs, it is clear that the plaintiffs are complaining for the reason that, as officers of the city under an aldermanic form of government, they are to be succeeded in office by officers elected under a charter form of government, which charter form of government was adopted by the city subsequent to the election of plaintiffs, and that plaintiffs further complain as taxpayers because the expenses incurred by reason of the proceedings to adopt the charter form of government were illegal, and that if the defendants take charge and possession of the offices, they will pay out of the city treasury the expenses so illegally incurred.

The plaintiffs seek to sustain themselves upon the grounds that the petition that was presented to the mayor for the purpose of calling an election for a board of freeholders did not contain the required number of legal and qualified electors. It does not appear from the petition of the plaintiffs that an attack was made on the sufficiency of the petition presented to the mayor prior to the election of the board of freeholders, nor does the petition allege that the mayor as chief executive officer of the city had any notice or knowledge of the fact that the names appearing upon the petition presented to him were not qualified electors. Acting upon the petition as presented to him, the mayor called an election for the purpose of electing a board of freeholders, and thereafter an election was had, and later the board of freeholders so elected drafted a charter for the city of Edmond, and the same was submit-

ted to the electors of said city and ratified by the voters of the said city, and at the time of its adoption the defendants were elected as the officers of said city under such charter, and thereafter said charter was submitted to the Governor of the state of Oklahoma and was by him duly approved.

Under these facts and conditions, the plaintiffs now ask that they be granted an injunction against the defendants restraining them from interfering with the plaintiffs in performing their offices as councilmen, and who were elected as such councilmen in said city under an aldermanic form of government.

The first proposition to be determined in this case is whether, after the proposed charter has been ratified by the electors of said city and then approved by the Governor, it may then be attacked in the manner as undertaken by the plaintiffs.

Section 3 (a), art. 18, of the Constitution of Oklahoma provides in part:

"And if a majority of such qualified electors voting thereon shall ratify the same, it shall thereafter be submitted to the Governor for his approval, and the Governor shall approve the same if it shall not be in conflict with the Constitution and laws of this state. Upon such approval it shall become the organic law of such city and supersede any existing charter and all amendments thereof and all ordinances inconsistent with it."

The defendants challenge the petition of plaintiffs by their demurrer, and insist that the petition of plaintiffs is a collateral attack upon the city charter as adopted by the city of Edmond and approved by the Governor.

The plaintiffs seek to prevent the officers elected under the charter form from taking offices thereunder, which would thus deprive plaintiffs of their offices as councilmen which they hold under the aldermanic form of government, and that the plaintiffs in order to prevent such action upon the part of the defendants must necessarily avoid the force and effect of the charter form of government by attacking the same. This, in our judgment, constitutes a collateral attack.

In the case of Mitchell v. Carter, 31 Okla. 592, 122 Pac. 691, the court in its syllabus stated:

"A charter having been framed by a city containing a population of more than 2,000 inhabitants, for its own government, by freeholders elected for such purpose, and the same having been submitted to the qualified voters thereof for adoption, and returns of such election having been made and the charter submitted to the Governor for his approv-
114-5

al, and the Governor having approved the same, the invalidity of such charter on the alleged failure to comply with some of the requirements of sections 3a and 3b of article 18 of the Constitution cannot be raised in a mandamus proceeding brought by one of the officers holding prima facie evidence of title from a municipal election held pursuant to the powers of such charter, against one of the officers holding under the old charter to recover the belongings of such office.

"(A) In a mandamus proceeding, brought by an officer elected at a municipal election held under the powers of such charter to require the turning over to him the belongings of such office by an officer claiming to hold by virtue of his election under the old charter, said relator in the mandamus proceeding holding a certificate of election by virtue of a municipal election held under the powers of such charter, the respondent will not be permitted to contest the title or the right of the relator to such an office on the alleged ground of the invalidity of such municipal election on account of the failure to hold a primary election pursuant to the primary election laws passed by the Legislature to govern municipalities, or other irregularity in holding such election."

Mr. Justice Williams, who wrote the opinion, quoted with approval the case of People v. La Rue, 67 Cal. 526, 8 Pac. 84:

"A corporation de facto may legally do and perform every act and thing which the same entity could do and perform were it a de jure corporation. As to all the world, except the paramount authority under which it acts and from which it receives its charter, it occupies the same position as though in all respects valid; and even as against the state, except in direct proceedings to arrest its usurpation of power, it is submitted, its acts are to be treated as efficacious."

This court, after quoting the above language, then immediately said in the case of Mitchell v. Carter, supra:

"It follows that in this collateral proceeding the question as to the validity of the adoption of the charter cannot be challenged."

In the case of City of El Paso v. Ruckman, 92 Tex. 89, 46 S. W. 26, it is said in the opinion:

"The rule is well established that when the creation of a public corporation, municipal or quasi municipal, is authorized, * * * and a corporation has been organized under the color of such authority, its corporate existence cannot be inquired into by the courts in a collateral proceeding. The validity of the incorporation can only be determined in a suit brought for that purpose in the name of the state or by some individual under the authority of the state, who has a special interest which is affected

by the existence of the corporation. Graham v. City of Greenville, 67 Tex. 62, and authorities there cited. * * * In the case of Graham v. City of Greenville, cited above, Chief Justice Willie, speaking for the court, says: 'But admitting that the vote was taken in a manner not sanctioned by the Constitution and laws, it was but an irregularity which did not render the action of the council void and ordinances passed in reference to the annexed territory of no effect. If a municipality has been illegally constituted, the state alone can take advantage of the fact in a proper proceeding instituted for the purpose of testing the validity of its charter. When the question arises collaterally, says Mr. Cooley, "the courts will not permit its corporate character to be questioned, if it appear to be acting under color of law, and recognized by the state as such." And this though the manner of incorporation prescribed by the Constitution had not been followed'."

In the case of City of Blackwell v. City of Newkirk, 31 Okla. 304, 121 Pac. 261, written by Mr. Justice Hayes, he quoted with approval:

"Where a municipal corporation is acting under color of law, and its existence is not questioned by the state, it cannot be collaterally drawn in question by private parties; and the rule is not different, although the Constitution may prescribe the manner of incorporation." Article 431, Dillon's Municipal Corporations (4th Ed.).

From a careful and exhaustive examination of plaintiffs' petition, and giving to the same the force of admitted facts pleaded therein by reason of the demurrer thereto, we are of the opinion that the plaintiffs' petition is clearly attempting to attack collaterally the charter of the city of Edmond after same had been ratified by the electors of the city of Edmond and thereafter approved by the Governor. The Constitution provides that upon approval by the Governor it shall then become the organic law of such city and supersede all existing charters and all amendments thereof and all ordinances inconsistent with it. The plaintiffs' petition asks for injunctive relief against the defendants from taking possession of the offices to which the plaintiffs claim title. In order to sustain their position it would be necessary to avoid the force and effect of the city charter as adopted by the electors of the city of Edmond, and thereafter submitted to the Governor and by him duly approved. This cannot be done under plaintiffs' petition.

Judgment is affirmed.

NICHOLSON, C. J., and PHELPS, HUNT, CLARK, and RILEY, JJ., concur.